IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANIELLE ANTONELLI<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY DIVISION OF<br>YOUTH AND FAMILY SERVICES, et al.,<br><br>Defendants. | Civil No. 17-4177 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

Danielle Antonelli ("Plaintiff") is proceeding *pro se* with a Complaint arising from proceedings in the Family Division of the Camden County Superior Court. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk of Court shall file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint is **DISMISSED IN PART WITHOUT PREJUDICE** and **DISMISSED IN PART WITH PREJUDICE**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff's complaint appears to stem from a proceeding before the Family Division of the Camden County Superior Court. Plaintiff came before the Family Division for what appears to

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

have been a custody determination on February 2, 2011. Plaintiff claims that Judge Melendez, Dwayne Grant (her child's father), Patricio Ubelle, and the Camden County Division of Youth and Family Services defamed and slandered her in court by fraudulently holding/falsifying a urinalysis test. Plaintiff claims Defendants' defamation caused her to be separated from her daughter, leading to extreme anxiety, emotional distress, etc. for her and her child. Plaintiff requests two million dollars as compensation for violations of her constitutional, civil, ADA, and VAWA rights, as well as "special victims credit cards."[2] Plaintiff filed the instant Complaint on June 9, 2017. (Doc. No. 1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

---

2. The Court observes no facts in Plaintiff's complaint that implicate the Americans with Disabilities Act or Violence Against Women Act. Accordingly, the Court will not address conclusory claims based on these statutes.

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. Jurisdiction

Plaintiff's complaint alleges jurisdiction on the basis of a U.S. Government Plaintiff. This is clearly not the case. The Court observes that Plaintiff then cites the First, Fourth, Eighth, and Tenth Amendments of the United States Constitution as the basis of her case. Therefore, the Court finds that Plaintiff has alleged jurisdiction based on federal question jurisdiction under 28 U.S.C. section 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

### B. Judicial Immunity

Where, as here, a plaintiff seeks relief from a judicial officer, the doctrine of judicial immunity is implicated. Judicial immunity rests on the principle that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Further, "[a] judge will not be

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted)).

The Court observes that Plaintiff's complaint includes a bulleted list under Judge Melendez's name that reads: "falsifying urinalysis during a custody battle[,] false allegations[, and] wrongful" followed by a word the Court cannot decipher. However, the Court construes this list to be additional information regarding the allegations next to the names of the defendants listed above Judge Melendez, specifically Grant and Ubelle. The description to the left of Melendez's name simply states that she is a "prior judge of your NJ Superior Court Family Division," while Plaintiff has written "false setup/allegation" and "accomplice[,] hinderer[,] lying on oath[,] perjury" next to Grant and Ubelle, respectively. Therefore, it appears that all of Plaintiff's allegations relate to Defendant Melendez's actions in her capacity as a Superior Court Judge. Judge Melendez was performing her duties as a judicial officer when she presided over Plaintiff's custody battle in February 2011. Therefore, she is entitled to absolute immunity from the instant suit. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted, Defendant Melendez will be dismissed from this action with prejudice.

### C. Defamation/Slander

Under New Jersey defamation law, "the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" *Petersen v. Meggitt,* 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) (quoting *Feggans v. Billington,* 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996)). The plaintiff also bears the burden of proving fault—either negligence or malice—depending on whether the matter is one of private or public concern. *Id.*

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir.2002), the Supreme Court observed in *Jones v. Bock,* 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Here, the Court notes that the alleged conduct in Plaintiff's complaint took place in February 2011. New Jersey has a one year statute of limitations for libel or slander. N.J. Stat. Ann. § 2A:14-3. As noted earlier, Plaintiff's complaint in this matter was filed on June 9, 2017, well past the one year statute of limitations. However, the Court cannot determine whether there is any basis for equitable tolling of the statute of limitations. Therefore, Plaintiff's defamation/slander claims are dismissed without prejudice as to all defendants other than Defendant Melendez. Plaintiff has leave to refile with allegations regarding any basis for equitable tolling.

**D. Civil Rights Violations**

Plaintiff's complaint alleges that Defendants' collective actions violated her First, Fourth, Eighth, and Tenth Amendment rights.[3] The Court construes these allegations as an attempt to state a section 1983 claim against the Camden County Division of Youth and Family Services, and section 1985(3) and 1986 claims for conspiracy to deprive her of her rights. To state a claim under section 1985(3), a plaintiff must allege, "(1) a conspiracy; (2) for the purpose of depriving,

---

3. As an initial matter, the Court observes that the Tenth Amendment does not establish any individual right that could be violated. The Supreme Court has stated that the Tenth Amendment is a "declaratory of the relationship between the national and state governments as it had been established by the Constitution before the amendment." *United States v. Darby*, 312 U.S. 100, 124 (1941).

either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citations omitted).

Defendants Grant and Ubelle are private individuals. The Third Circuit has explained that only two rights are protected by section 1985(3) against private conspirators: "the right to be free from involuntary servitude and the right to interstate travel." *McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014) (citation omitted). Plaintiff has not alleged that defendants deprived her of these rights. Furthermore, the Court finds that any attempt to amend the complaint to sufficiently allege a section 1985(3) claim against defendants would be futile. Accordingly, Plaintiff's section 1985 claims are dismissed with prejudice as to Defendants Grant and Ubelle.

Section 1986 of Title 42 states that:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. Because plaintiff failed to state a conspiracy claim under section 1985(3), she also fails to state a related section 1986 claim against Defendants Grant and Ubelle. *See Heath v. Shannon*, 442 F. App'x 712, 718 (3d Cir. 2011) (per curiam) ("Because Health failed to state a conspiracy claim under § 1985, the District Court properly ruled that his related § 1986 claims also failed.") (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Thus, Plaintiff's § 1986 claim will also be dismissed with prejudice as to Defendants Grant and Ubelle.

The Court now turns to Plaintiff's remaining claims against the Camden County Division of Youth and Family Services for violations of her First, Fourth, and Eighth Amendment rights.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Court construes the named Defendant "Camden County Division of Youth and Family Services" to mean the state agency formerly known as the Division of Youth and Family Services, which is now known as the Division of Child Protection and Permanency. This Court has previously held that the Division of Youth and Family Services is an arm of the state, and therefore not a "person" for section 1983 purposes. *See Mammaro v. N.J. Div. of Child Permanency & Prot.*, 13-6483, 2015 WL 225999, at *6 (Jan 15, 2015), *rev'd on other grounds*, 814 F.3d 164 (3d Cir. 2016). Therefore, Plaintiff's claims for money damages against the Division of Youth and Family Services fail to state a claim for which relief can be granted because the Division of Youth and Family Services is not a "person" within the meaning of section 1983. Plaintiff's claims against the Division of Youth and Family Services for any alleged violation of sections 1985(3) and 1986 also fail, as those causes of action also refer to "persons" conspiring together to cause, or neglecting to prevent, the deprivation of a person's civil rights. Accordingly, Plaintiff's section 1983, 1985(3), and 1986 claims against the Division

of Youth and Family Services are dismissed with prejudice.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Melendez. Plaintiff's slander/defamation claims are **DISMISSED WITHOUT PREJUDICE** as to Defendants Grant, Ubelle, and the Division of Youth and Family Services. Plaintiff's section 1985(3) and 1986 claims are **DISMISSED WITH PREJUDICE** as to Defendants Grant and Ubelle. Plaintiff's section 1983, 1985(3), and 1986 claims are **DISMISSED WITH PREJUDICE** as to the Division of Youth and Family Services.

Dated: 06/20/2017
s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge